UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BISHOP FASHAW,**

    **Plaintiff,**

v.          Case No. 8:10-cv-473-T-27AEP

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff in this case seeks judicial review of the denial of his Social Security claims for a period of disability, disability insurance benefits, and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, I recommend that the decision be affirmed.

**I.**

Plaintiff, who was born in June 1954, was fifty-four years of age at the time of his administrative hearing on April 16, 2009.[2] (Tr. 16 Finding 7). He has a marginal education, is able to communicate in English, and has past relevant work experience as a concrete finisher and kitchen helper. (Tr. 16 Findings 6, 8). Plaintiff stands 5'6" tall and weighs approximately 220

---

[1] This matter comes before the undersigned pursuant to the Standing Order of this Court dated August 11, 2009. (Dkt. No. 19.) *See also* Local Rule 6.01(c)(21).

[2] Although there was a discrepancy raised at the hearing regarding whether Plaintiff was born in 1954 or 1955, the Administrative Law Judge resolved the issue in Plaintiff's favor by assuming Plaintiff was born in 1954 (Tr. 16 Finding 7).

pounds. (Tr. 29). Plaintiff reported that he has two daughters (Tr. 29). He is currently homeless, living in the woods and sometimes with friends, but he picks up his mail from his daughter's house. (Tr. 27-29). He does not drive or have a driver's license because he falls asleep frequently. (Tr. 29). Plaintiff testified that he is currently working about two days a week washing dishes and that he worked as a concrete finisher for ten or twenty years and as a cook for about six years. (Tr. 31-32).

On December 5, 2006, Plaintiff protectively filed a Title II claim for a period of disability and disability insurance benefits. (Tr. 9). He also protectively filed a Title XVI application for supplemental security income on December 5, 2006. (Tr. 9). In both applications, he alleged January 18, 2006 as the disability onset date. (Tr. 9). Plaintiff was denied initially and upon reconsideration. (Tr. 52-54).

At the administrative hearing held at Plaintiff's request on April 16, 2009, before an Administrative Law Judge ("ALJ"), Plaintiff was represented by counsel and testified on his own behalf. (Tr. 27-42). Also before the ALJ were medical records outlining Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary. In a decision dated May 18, 2009, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date and that he had severe impairments of asthma, knee pain, and a history of hypertension. (Tr. 11 Findings 2-3). However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 11 Finding 4). After evaluating the evidence, the ALJ determined

that Plaintiff had the residual functional capacity ("RFC") to do light work[3] with the following limitations: (1) only occasional climbing, balancing, stooping, kneeling, crawling, crouching, and bending; (2) avoid exposure to extreme cold, heat, wetness, humidity, fumes, odors, and dusts; and (3) no exposure to hazards such as moving machinery.  (Tr. 12 Finding 5).

The ALJ found that Plaintiff could not return to his past relevant work (Tr. 16 Finding 6) but that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 16 Finding 10).  As such, the ALJ found Plaintiff not disabled.  (Tr. 17).  On January 22, 2010, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3).  Plaintiff appeals seeking review of the Commissioner's decision pursuant to 42 U.S.C. §405(g).  (Dkt. No. 1).

## II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by

---

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

medically acceptable clinical and laboratory diagnostic techniques." *Id*. § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id*. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 1035 (2005). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (*citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971).[4] Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The ALJ, in part, decided Plaintiff's claim pursuant to Regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These Regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the Regulations and are commonly referred to as "the grids." *Id.* § 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. *Id.* § 404.1569. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. *Id.* § 404.1569a.

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

**III.**

Plaintiff challenges the ALJ's decision on five grounds:

(1) the ALJ failed to properly apply the Medical Vocational Guidelines by failing to

resolve the issue of Plaintiff's birth date;

(2) the ALJ improperly took administrative notice of the sources on which the vocational expert ("VE") relied in his opinion and failed to develop a full and fair record;

(3) the ALJ relied on the VE testimony misinforming the ALJ that it was consistent with the Dictionary of Occupational Titles ("DOT");

(4) the ALJ improperly analyzed Plaintiff's obesity under S.S.R. 02-1P; and

(5) the ALJ improperly failed to include obesity in her hypothetical questions to the VE.

As such, Plaintiff asserts that the ALJ's decision was not based on substantial evidence and should be reversed. However, for the reasons discussed below, none of the contentions warrants reversal.

**1) The ALJ's Application of the Medical Vocational Guidelines**

Plaintiff first argues that the ALJ's decision was not based on substantial evidence because she did not resolve the issue of whether Plaintiff was born in June 1954 or 1955. (Dkt. No. 16 at 15). Plaintiff alleges that being born in 1954 would have placed him in the "borderline" advanced age category and therefore would have directed a finding of disabled under Medical Vocational Rule 202.02. (Dkt. No. 16 at 15).

An individual who is 55 years of age or older is considered to be of advanced age for Social Security disability purposes. 20 C.F.R. §§ 404.1563(e), 416.963(e). An individual who is aged between 50 and 54 is considered to be closely approaching advanced age. *Id.* Medical-Vocational Guidelines, found in 20 C.F.R. Part 404, Subpart P, Appendix 2, use such age categories for providing guidance as to whether a claimant is disabled. In determining whether a successful adjustment to other work can be made, the ALJ must consider the Plaintiff's residual

functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines. 20 C.F.R. Part 404, Subpart P, Appendix 2. The ALJ may not mechanically apply the age criteria of the Guidelines. *Chester v. Heckler*, 610 F. Supp. 533, 534-35 (S.D. Fla. 1985). In *Chester*, the court found that the ALJ erred in mechanically applying the Grids to a claimant whose 50th birthday was 30 days after the expiration of his insured status. *Id.; see also Garner v. Heckler*, 735 F.2d 1291, 1292 (11th Cir. 1984) (finding that the ALJ mechanically applied the Grids to a claimant who was age 49 and 10 months at the time of the adjudication).

Plaintiff contends that the ALJ did not resolve the issue of his birth date. (Dkt. No. 16 at 15). However, the ALJ actually did resolve this issue in Plaintiff's favor, finding that he was born in 1954. (Tr. 16). As such, Plaintiff's contentions to the contrary are without merit. Despite Plaintiff's arguments, the ALJ did *not* mechanically apply the Guidelines to direct a finding that Plaintiff was not disabled. The ALJ recognized that Plaintiff's limitations precluded the strict application of the Guidelines and that she could use the Guidelines only as a framework for her decision. (Tr. 16-17); *see* 20 C.F.R. §§ 404.1569a(d), 416.969a(d); 20 C.F.R. Part 404, Subpart P, Appendix 2, §200.00(e)(2). The ALJ, therefore, properly obtained the assistance of a VE to determine whether there existed other work in the national economy that Plaintiff could perform. *Id.*; *Wolfe v. Chater*, 86 F.3d 1072, 1077-78 (11th Cir. 1996).

Plaintiff also failed to offer any reason why he should have been considered an individual of advanced age when, assuming he was born in 1954, he was only 54 years of age on the date of the ALJ's decision. Plaintiff's counsel agreed at the hearing that the younger age category applied to him. (Tr. 46). While age categories should not be applied mechanically in borderline

7

situations, simply being close to an older age category does not mean that Plaintiff should be mechanically placed in that category. In *Miller v. Comm'r of Soc. Sec. Admin.,* 241 Fed. Appx. 631 (11th Cir. 2007), the question of whether the claimant should have been treated as a person of advanced age or closely approaching advanced age was inconsequential because the ALJ did not rely exclusively on the Grids and substantial evidence supported the ALJ's determination that the claimant was not disabled. *Id.* at 636. Here, as well, the ALJ did not rely exclusively on the Grids but also utilized the VE testimony in making her determination as to Plaintiff's disability, as she recognized that Plaintiff's ability to perform all or substantially all of the requirements of "light work" has been impeded by additional limitations. (Tr. 17). As such, the determination as to Plaintiff's age category was inconsequential in this case.

In the Eleventh Circuit, a claimant can rebut the age findings of fact of the Grids by proffering substantial credible evidence that his or her ability to adapt to other work is less than the level established by the Grids for persons of the claimant's age**.** *Reeves v. Heckler*, 734 F.2d 519, 525 (11th Cir. 1984). If this is shown, the Commissioner must establish the claimant's ability to adapt to a new work environment by independent evidence*. Id.; see also Broz v. Heckler*, 677 F.2d 1351 (11th Cir. 1982) *vacated and remanded sub nom. Heckler v. Broz*, 461 U.S. 952 (1983), *adhered to* 711 F.2d 957, *modified Broz v. Heckler*, 721 F.2d 1297 (11th Cir. 1983); *Garner v. Heckler,* 735 F.2d 1291, 1292 (11th Cir. 1984) (finding that the ALJ mechanically applied the Grids to a claimant who was age 49 and 10 months at the time of the adjudication and remanding case to give claimant the opportunity to make a proffer under *Reeves*). However, Plaintiff failed to meet his burden of offering credible evidence that his ability to adapt was less than the level established under the Guidelines for persons of his age

capable of his residual functional capacity. As such, the ALJ's decision not to place Plaintiff in the advanced age category was well-founded.

### 2) The ALJ's Decision to Take Administrative Notice of the Sources on which the VE Relied

Plaintiff argues that the ALJ's decision was not based on substantial evidence because she relied on the testimony of a VE who did not specifically identify the source on which he based his testimony. (Dkt. 16 at 19). More specifically, he argues, the VE told the ALJ that he would not be relying on the DOT to the extent that it provides that the hand packager and production assembler occupations are light and medium levels, respectively, (Tr. 47-50) and to the extent that both of these occupations are semi-skilled. (Tr. 47-50). However, Plaintiff has conceded that the VE specified that he would be relying on research from the Department of Labor. (Dkt No. 16 at 19-20). Plaintiff also argues that, because such VE testimony was ambiguous and unreliable, the ALJ failed in her duty to "follow-up with more specific questions" as to what Department of Labor research the VE used in his testimony. (Dkt. No. 16 at 20).

The ALJ may use the services of a VE to determine whether significant numbers of jobs exist in the national economy. *Belge v. Astrue*, No. 3:09-cv-529-J-JRK, 2010 WL 3824156, at *9 (M.D. Fla. Sept. 27, 2010); *see* 20 C.F.R. §§ 404.1560(c)(2), 404.1566(a). When determining whether significant numbers of jobs exist, the ALJ may take administrative notice of reliable job information available from various publications, including the DOT, which is published by the Department of Labor. *Belge*, 2010 WL 3824156, at *9 (*citing* 20 C.F.R. § 404.1566(d)). In addition, the Regulations allow the ALJ to rely on a VE for his knowledge or expertise. *Id.* (*citing Curcio v. Astrue*, No. 09-15506, 2010 WL 2788162, at *2 (11th Cir. July 15, 2010).

Contrary to Plaintiff's suggestion that the regulations require a certain amount of specific identification of sources in taking administrative notice of job data (Dkt. No 16 at 19), the regulations merely state that the ALJ will take administrative notice of reliable job information from a variety of publications and provide a non-exhaustive list of examples of such publications, including those published by the Department of Labor. 20 C.F.R. §§ 404.1566(d), 416.966(d). In addition, the case law is clear that "the VE's testimony is considered reliable, in and of itself, without the need for supporting documentation." *Leonard v. Astrue*, No. 2:08-cv-871-Ftm-29SPC, 2010 WL 33809, at *15 (M.D. Fla. Jan. 22, 2010); *Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999). Moreover, the Sixth Circuit has held that an ALJ is within his rights to rely solely on the VE's testimony and that the Social Security regulations do not require the VE to rely on classifications in the DOT. *Conn. v. Sec'y of Health and Human Serv.*, 51 F.3d 607, 610 (6th Cir. 1995). As such, the VE's indication that he was relying on Department of Labor research provides more than sufficient source identification such that the ALJ may rely on his testimony.

Plaintiff also cites a provision from the Social Security Administration's Hearing Appeals and Litigation Law Manual (HALLEX) for his assertion that the ALJ must follow up with more specific questions concerning any ambiguous or overly technical VE testimony. (Dkt. No. 16 at 20). However, the VE was neither ambiguous nor overly technical when he clearly identified the source of his information as Department of Labor research. As the Commissioner notes, Plaintiff's counsel also had the opportunity to cross-examine the VE regarding any concerns he may have had as to ambiguous testimony but declined to raise any questions about the Department of Labor research the VE referenced. (Dkt. No 18 at 15). Accordingly, the ALJ did

not err in relying on the VE's testimony or failing to question the VE as the Plaintiff suggested she should.

### 3) The ALJ's Reliance on Testimony Inconsistent with the DOT

Plaintiff contends that the ALJ erred by relying on the VE's testimony without knowing it was inconsistent with the DOT. (Dkt. No. 16 at 20). Plaintiff is correct that the ALJ specifically stated in both of her hypothetical questions that Plaintiff cannot be exposed to environmental extremes because of his asthma. (Tr. 47). As such, he cannot perform jobs which involve extremes of cold and heat, wetness, humidity, fumes, dusts, odors, and gases. (Tr. 47). Based on this information, the VE determined that Plaintiff could perform two jobs: hand packager, DOT number 920.587-018, and production assembler, DOT number 706.687-010. (Tr. 47-48). Plaintiff now contends that the ALJ's instruction regarding his restriction conflicts with the requirements of both of these jobs, as listed in the DOT. (Dkt. No. 16 at 21). Because the VE did not inform the ALJ that his testimony conflicted with the information in the DOT, Plaintiff alleges that the ALJ's decision was not supported by substantial evidence.

Generally, "[w]hen the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT." *Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999). However, when an apparent conflict exists between the VE's testimony and the DOT arises, the ALJ "must elicit a reasonable explanation for the conflict before relying on the VE['s testimony]." *Leonard v. Comm'r of Soc. Sec. Admin.*, No. 10-11494, 20ll WL 165439 (11th Cir. Jan. 19, 2011) (*citing* SSR 00-4p; 65 Fed.Reg. 75759 (Dec. 4, 2000)). Here, the ALJ was not able to elicit a reasonable explanation because the VE did not tell her that his testimony was inconsistent with the DOT in any regard. Despite Plaintiff's contention to the contrary, however, the VE's testimony was only

inconsistent with respect to the environmental conditions for the hand packager position. Plaintiff is correct that this job requires frequent exposure to extreme heat, which the ALJ noted the Plaintiff must avoid. *See* DICOT 920.587-018, 1991 WL 687916 (G.P.O.). However, contrary to Plaintiff's contention, no conflict exists between the VE's testimony that Plaintiff could do the work of a production assembler and the environmental conditions listed in the DOT description for the production assembler position. The DOT description indicates specifically that other environmental conditions, extreme heat, extreme cold, and wetness and humidity are non-existent for this position. DICOT 706.686-010, 1991 WL 679074 (G.P.O). Thus, while the VE may not have pointed out that his testimony varied from the DOT with respect to the environmental conditions listed for the hand packager position, this omission is no more than harmless error in light of the VE's identification of another position that exists in significant numbers in the national economy. (Tr. 47-48).

Harmless errors are those that do not affect the ALJ's determination that a claimant is not entitled to benefits. *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *see also Mays v. Bowen*, 837 F.2d 1362 (5th Cir. 1988) *(citing Gulf States Utilities Co. v. Ecodyne Corp*. 635 F.2d 517, 520 (5$_{th}$ Cir. 1981) (policy behind harmless error is to preserve judgment and avoid waste of time)). It is well-settled law in the Eleventh Circuit that if an error is harmless, the decision "need not be disturbed." *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (ALJ error harmless where correcting the error would not change the ALJ's decision); *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (finding remand not necessary unless the record reveals evidentiary gaps that would result in unfairness or clear prejudice). Here, because production assembler positions exist in significant numbers in the national economy, the conflicting

testimony regarding the hand packager position would not have affected the ALJ's decision. As such, the error was harmless, and the case need not be remanded on this account.

### 4) The ALJ's Analysis of Plaintiff's Obesity Under SSR 02-1P

Plaintiff contends that the ALJ improperly analyzed his obesity under SSR 02-1p by not considering his moderate obesity by itself or in combination with his severe knee pain, chronic lower back pain, asthma, and hypertension. (Dkt. No. 16 at 22). He concludes this argument with an assertion that his obesity, by itself or in combination with his other ailments, satisfies the minimal threshold requirement of a severe impairment. (Dkt. No. 16 at 24). However, the ALJ *did* find that Plaintiff had a number of severe impairments. Therefore, the ALJ found in favor of Plaintiff at step two of the sequential evaluation and proceeded with the other steps of the evaluation. (Tr. 11-18). The Eleventh Circuit has stated that the ALJ "could not have committed any error at step two because he found [Plaintiff] had a severe impairment or combination of impairments and moved on to the next step in the evaluation, which is all that is required at step two." *Perry v. Astrue*, 280 Fed. Appx. 887, 2008 WL 2266315, at *6-7 (11th Cir. June 4, 2008). The ALJ's decision shows that she thoroughly considered all of Plaintiff's impairments, including his obesity, regardless of the severe impairments she identified. (Tr. 11-17). As such, Plaintiff's argument is without merit.

The burden is on a plaintiff to present evidence of any claimed impairment or any combination of impairments. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). For example, in *Vickers v. Astrue*, No. 3:08cv78/MCR/EMT, 2009 WL 722273, at *15 (N.D. Fla. Mar. 18, 2009), the court found that the ALJ did not err in failing to consider the plaintiff's alleged obesity when the plaintiff merely cited his weight and offered generalizations about

possible effects of obesity but there was "no evidence in the record that Plaintiff complained of limitations stemming from obesity" or "that any of his other alleged impairments were exacerbated by obesity."  Similarly, in *Dunaway v. Astrue*, No. 8:06-CV-1567-T-EAJ, 2008 WL 1897603, at *3 (M.D. Fla. Apr. 28, 2008), the court held that the ALJ's failure to find the plaintiff's obesity a severe impairment was supported by substantial evidence where the plaintiff's treatment records did not make a link between his obesity and his limitations, nor did they indicate any functional limitations due to his weight.

Another court has held that if a claimant does not demonstrate that obesity reduced his functional capacity, the ALJ may properly decline to further consider it as part of his list of the claimant's severe impairments.  *Broz v. Astrue*, Case No. 3:07cv204/RV/EMT, 2008 WL 1995084 at *15 (N.D. Fla. May 5, 2008).  In so holding, the court noted that a mere diagnosis of obesity does not equate with a finding of severity, nor is a BMI determinative.  *Id.* at *14 (*citing Wind v. Barnhart*, 133 Fed. Appx. 684, 690-91 (11th Cir. 2005)); SSR 02-1p. "Rather, the record must contain evidence demonstrating that Plaintiff's obesity affected his ability to perform light work activities." *Id. (citing McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). Although the claimant established that the medical record documented his obesity, he did not point to any evidence of record, including his own testimony, suggesting that his already reduced capacity for light work was further reduced by his obesity during the relevant period.  *Id.; see also Rolack v. Astrue*, Case No. 8:07-CV-435-T-26EAJ, 2008 WL 1925092 at *2 - *3 (M.D. Fla. Apr. 29, 2008) (holding that the ALJ sufficiently considered the combined effects of all of the claimant's impairments, and thereby rejecting the claimant's argument that "the ALJ failed to consider whether his obesity negatively affected his other conditions").

In the present case, the ALJ specifically stated that she did "consider the effects of the applicant's excess weight on his mobility, his joints, and his end organs (chiefly the lungs and circulation), as per SSR 02-1p." (Tr. 15). As Defendant notes, in support of Plaintiff's argument that he had greater limitations than what the ALJ assessed due to his obesity, Plaintiff appears to attribute his sleep apnea and back and knee pain to obesity. (Dkt. No. 18 at 5, Dkt. No. 16 at 23-24). However, this argument is based on the assumption that the ALJ did not assess Plaintiff's sleep apnea and back and knee functioning in assessing Plaintiff's functional capacities, which is clearly in error. (Tr. 13-15). As such, obesity was impliedly considered.

Contrary to Plaintiff's arguments, the medical evidence of record, including all of the doctor's reports, fails to show greater limitations due to obesity than what the ALJ assessed. As in the cases listed above, Plaintiff did not allege obesity as a basis for his disability and his medical records did not indicate any functional limitations due to his obesity. Rather, Plaintiff's records indicate that he has a normal gait and stance, used no assistive devices, could walk on his toes, could get on and off the exam table without help, and could rise from a chair without difficulty. (Tr. 13-14, 292). He had normal neurological findings and a full range of motion in all of his upper and lower extremity joints and in his spine. (Tr. 293). Mere conclusions by Plaintiff's doctors that he is obese is not enough for a finding of a severe impairment. The ALJ fully assessed the findings of Plaintiff's doctors and considered Plaintiff's limitations as a result of their findings. (Tr. 12-16). The findings did not, however, make a link between his obesity and his limitations, nor did they indicate any functional limitations due to his weight. *See Dunaway*, 2008 WL 1897603, at *3.

15

It is also insufficient for Plaintiff to rely on the references to his weight[5] in his medical records as evidence that Plaintiff's obesity contributed to any functional limitations. *See, e.g.*, *Vickers*, 2009 WL 722273, at *14 n.6 (noting that references in the record to the plaintiff's weight and even the fact that the plaintiff was advised on one occasion to lose weight were insufficient where the record contained no diagnosis of obesity). The ALJ noted in her decision that the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision. (Tr. 15). Given the claimant's allegations of totally disabling symptoms, "one might expect to see some indication in the treatment records of restrictions placed on the claimant by the treating doctor. Yet a review of the record in this case reveals no restrictions recommended by the treating doctor." (Tr. 15). As stated above, Plaintiff has failed to cite any evidence showing that his obesity caused limitations greater than what the ALJ had already assessed.

In addition, Plaintiff suggests that the ALJ did not consider his impairments in combination. (Dkt. No. 16 at 24). However, this contention is without merit. The Eleventh Circuit has made clear that an ALJ's statements and findings may show a plaintiff's impairments have been considered in combination. *See Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986) (finding that ALJ considered impairments in combination by stating that plaintiff did not suffer from "any impairment, or a combination of impairments"). In accordance with Eleventh Circuit precedent, the present ALJ's decision shows she considered Plaintiff's obesity in combination with his other impairments, as she stated that he "does not have an impairment or

---

[5]SSR 02-1p specifically states that "[t]here is no specific level of weight or BMI that equates with a 'severe' or a 'not severe' impairment." Thus, to the extent that Plaintiff contends that his weight alone compels a finding of severity, Plaintiff's argument fails.

combination of impairments that meets or medically equals one of the listed impairments." (Tr. 11 Finding 4). The ALJ also stated that she assessed Plaintiff's residual functional capacity "[a]fter careful consideration of the entire record." (Tr. 12 Finding 5). These statements are sufficient to show that the ALJ considered Plaintiff's ailments in combination. Accordingly, the ALJ properly took Plaintiff's obesity into consideration, both individually and in combination with his other impairments. Plaintiff's contentions to the contrary are without merit.

### 5) The ALJ's Hypothetical Questions to the VE

Finally, Plaintiff contends that the ALJ improperly failed to account for Plaintiff's obesity limitations when posing hypothetical questions to the VE. (Dkt. No. 16 at 25). As Plaintiff argued above, he believes that the ALJ erred by not concluding that his obesity was a severe impairment either by itself or in combination with other impairments. (Dkt. No. 16 at 25).

Plaintiff is correct that "[i]n order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 FF.3d 1219, 1227 (11th Cir. 2002). However, the "hypothetical need only include limitation[s] supported by the record." *Dunaway*, 2008 WL 1897603, at *5. As stated above, a diagnosis alone is an insufficient basis for a finding that an impairment is severe. *Id.* at *3. Rather, the severity of a medically ascertainable impairment must be measured in terms of its effect upon ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The Eleventh Circuit has noted that the mere existence of impairments "does not reveal the extent to which they limit [a claimant's] ability to work or undermine the ALJ's determination in that regard." *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

Although Plaintiff's doctors noted that Plaintiff was moderately obese, such a finding does not render this impairment severe. Where, as here, an ALJ "properly determines that an impairment is not supported by the medical evidence in the record, the ALJ is not required to include such impairment in a hypothetical posed to to a V[E]." *Dunaway*, 2008 WL 1897603, at *6. Given all of Plaintiff's impairments, including his obesity, the ALJ properly considered all the evidence of record and concluded that Plaintiff could do a range of light work. As such, her hypothetical question posed to the VE was complete, as Plaintiff failed to show that he had any limitations greater than what the ALJ assessed.

## IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. Accordingly, I **RECOMMEND** that the decision be **AFFIRMED**.

**IT IS SO REPORTED** at Tampa, Florida on this 15th day of February, 2011.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. James. D. Whittemore
Counsel of Record