UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BISHOP FASHAW,

     **Plaintiff,**

vs.                               **Case No. 8:10-cv-473-T-27AEP**

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is the Magistrate Judge's Report and Recommendation (Dkt. 21). The Magistrate recommends that the Commissioner of Social Security's decision denying Plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income be affirmed. Plaintiff filed objections to the Report and Recommendation (Dkt. 22). Upon consideration of the Report and Recommendation and Plaintiff's objections, in conjunction with an independent examination of the file, the Report and Recommendation is adopted, approved, and confirmed in all respects.

### Discussion

Plaintiff raises two principal objections. Both involve arguments that he never presented to the Magistrate. "Because the magistrate judge system was created to help alleviate the workload of the district judges, 'it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and-having received an unfavorable recommendation-shift gears before the district judge.'" *Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009) (quoting *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)). Accordingly, "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Id.* at 1292.

Plaintiff's first objection relates to step five of the disability analysis, which assesses whether he is able to do other work considering his residual functional capacity, age, education and work experience. 20 C.F.R. §404.1520(g). Plaintiff argues that when the ALJ's decision was entered, he was one month shy of his fifty-fifth birthday, which placed him on the borderline of the categories "closely approaching advanced age" and "advanced age." 20 C.F.R. § 404.1563(d)-(e). Plaintiff argues that if he was considered a "person of advanced age," he would have been classified as disabled under Rule 202.02. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

The ALJ is not required to apply the higher age category simply because an applicant is on the borderline. *See* 20 C.F.R. § 404.1563(b). Plaintiff's specific objection is that both the ALJ and the Magistrate failed to consider that he was illiterate and had a marginal education. Plaintiff contends that these factors could have pushed him into the higher age category. However, Plaintiff's argument that his illiteracy and marginal education required application of the 'advanced age' category was never presented to the Magistrate. Plaintiff has not explained why he waited to raise this issue for the first time as an objection to the Report and Recommendation. Given the lack of explanation, the Court declines to address his argument in the first instance. *See Williams*, 557 F.3d at 1292. In any event, as the Magistrate noted, Plaintiff's counsel agreed at the hearing before the ALJ that he fell within the 'closely approaching advanced age' category. (Tr. at 46).

Plaintiff's second objection is that the ALJ failed to properly consider the effects of his obesity. This objection is presented in two parts. For the first part, Plaintiff argues that the ALJ did not apply the correct standard in evaluating the effects of his obesity. Plaintiff points out that the ALJ found his "obesity is not so extreme as to completely preclude maneuverability." (Tr. 15). He contends that the ALJ instead should have considered whether his obesity affected his ability to perform work on a 'regular and continuous basis.' This argument, however, was not presented to the Magistrate. Again, Plaintiff offered no explanation for his failure to raise this issue before the

Magistrate. This Court is not inclined to consider his argument in the first instance. *See Williams*, 557 F.3d at 1292.

Further, had this argument been preserved, it would still be rejected. The ALJ noted in her residual functional capacity analysis that she considered "the effects of the applicant's excess weight on his mobility, his joints, and his end organs (chiefly the lungs and circulation), as per SSR 02-1p." (Tr. 15).[1] The Court agrees with the Magistrate that Plaintiff's obesity was impliedly considered in the ALJ's assessment of the functional limitations caused by his breathing problems, knee pain, and sleep apnea. However, Plaintiff makes no argument that the ALJ applied an incorrect standard in determining these functional limitations, which necessarily contained her assessment of the effects of his obesity. Further, the Magistrate determined that the medical evidence in the record fails to show greater limitations due to his obesity than those assessed by the ALJ. In addition, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms [we]re not credible" to the extent they were inconsistent with her assessment of his residual functional capacity. (Tr. 13).

The second part of this objection is that the ALJ improperly presumed that his obesity was remediable. Plaintiff relies on *McCall v. Bowen*, 846 F.2d 1317 (11th Cir. 1988). In *McCall*, the ALJ found the claimant was not disabled because her obesity was within her control and, notwithstanding her physicians' recommendations, she failed to lose weight. 846 F.2d at 1319. The district court affirmed, but the Eleventh Circuit reversed, finding that the claimant's obesity, in and of itself, did not justify the conclusion that she refused to follow a plan of prescribed treatment. *Id.*

Here, the ALJ did note that Plaintiff's condition "may be amenable to weight loss," and his obesity "may be reversible with activity." (Tr. 15) (emphasis added). But contrary to *McCall*, the

---

[1] Social Security Ruling, SSR 02-1p notes, "Obesity is a risk factor that increases an individual's chances of developing impairments in most body systems." SSR 02-1p, 67 Fed. Reg. 57859-02 (Sept. 12, 2002). "It commonly leads to, and often complicates, chronic diseases of the cardiovascular, respiratory, and musculoskeletal body systems." *Id.*

ALJ's finding of no disability had nothing to do with a determination that Plaintiff failed to follow a prescribed course of treatment which would have remedied his obesity. In fact, the ALJ considered the effects of Plaintiff's obesity in assessing his functional limitations, as discussed above and in the Report and Recommendation.

In sum, Plaintiff failed to demonstrate that the ALJ did not properly consider the effects of his obesity. Therefore, there has been no showing of error in the ALJ's residual functional capacity determination or the hypothetical posed to the vocational expert.

### Conclusion

Accordingly, it is ORDERED and ADJUDGED that

(1)    Plaintiff's objections (Dkt. 22) are OVERRULED.

(2)    The Report and Recommendation (Dkt. 21) is ADOPTED, CONFIRMED, and APPROVED in all respects and is made a part of this order for all purposes, including appellate review.

(3)    The decision of the Commissioner is AFFIRMED.

(4)    The Clerk is directed to ENTER JUDGMENT in favor of Defendant and to CLOSE this case.

**DONE AND ORDERED** this 30th day of March, 2011.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:  Counsel of Record

4